**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

2007 OCT 19  AM 11: 09

TX EASTERN-MARSHALL

| | | |
|---|---|---|
| **CAMILLA R. STEINKAMP** | § | |
| | § | **CIVIL ACTION** BY_____ |
| **VS.** | § | |
| | § | NO. __2-07CV-459 DF__ |
| **KELLY- MOORE PAINT** | § | |
| **COMPANY, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 Section 2000e - 5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. Sections 2000e et. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. Section 2000e et.seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment providing for equal rights of all person and every state and territory and the jurisdiction of the United States.

2.     The unlawful employment practices alleged below occurred within the Eastern District of the State of Texas. Venue is proper pursuant to 28 U.S.C.A § 1391.

3.     Since at least 2000, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

4.     Within 300 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about March 20, 2007, against the company.

5.     On October 12, 2007, Plaintiff received a "Notice of Right to Sue" from the Dallas District office of the Equal Employment Opportunity Commission and has instituted a civil action in the appropriate Federal District Court within ninety (90) days of the date of the receipt of said notice.

## PARTIES

6.   Plaintiff, CAMILLA R. STEINKAMP, is an individual residing in Tyler, Smith County, Texas.

7.   Defendant, KELLY- MOORE PAINT COMPANY, INC., has continuously been and is a corporation doing business in the City of Tyler, Texas. Defendant's registered agent for service is Todd N. Wade, 111 Congress Ave, Suite 1215, Austin, Texas 78701.   The company has continuously and does now employ more than fifteen (15) persons.

## FACTS

8.   Plaintiff was a female employee of Defendant.  Plaintiff was hired by Kelly- Moore Paint Co., Inc. in Tyler, Texas, on May 22, 2006.  While employed by Defendant, Ms. Steinkamp was subjected to a hostile work environment when she was repeatedly subjected to inappropriate and offensive touching, comments, and conduct. Specifically, in August 2006, one of the Defendant's customers exposed himself to Ms. Steinkamp in the hall near the store's bathrooms. On October 25, 2006, the same customer exposed himself to Ms. Steinkamp and attempted to force her to touch him while exposed. On a third occasion, this customer burst into the ladies restroom while Ms. Steinkamp was in the restroom. Ms. Steinkamp, reported these incidents to her supervisor, and requested the lock on the bathroom door be repaired. However, no action was taken to stop or prevent such conduct. Ms. Steinkamp also reported these incidents to the District Store's Accounting Supervisor in the Hurst Office. However, no action to stop or prevent such conduct was taken. Additionally, Ms. Steinkamp was subjected to inappropriate sexual comments and conversations in the presence of her supervisor. Because of her harassment which went unchecked, Ms. Steinkamp resigned on January 19, 2007.

## FIRST CLAIM FOR RELIEF

9.   At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as a female by *inter alia*:

   (a)   Failing to equalize conditions of employment for Plaintiff as compared with Plaintiff's male co- workers;

(b)     Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to discriminate against Plaintiff because of her sex; and

(c)     Subjecting Plaintiff to sexual harassment in the form of a hostile work environment.

## SECOND CLAIM FOR RELIEF

10    At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and retaliation against Plaintiff, by *inter alia*:

(a)     Threatening to terminate Plaintiff after she reported acts of discrimination; and

(b)     Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment designed to retaliate against Plaintiff because she opposed acts of discrimination.

## DAMAGES

11    Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

12    Plaintiff would further show the court that she is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

13    Defendant intentionally inflicted extreme emotional distress upon Plaintiff by life as a direct result of Defendant's discriminatory employment practices described above. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's conduct.

14    Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

(a)     Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated damages;

(b)     Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(c)     Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff; and

(d)     Requiring that Defendant pay to Plaintiff her attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

William S. Hommel, Jr.
State Bar No. 09934250
William S. Hommel, Jr., P.C.
1402 Rice Road, Suite 200
Tyler, Texas 75702
(903) 596-7100
(903) 596-7464 Facsimile

ATTORNEY FOR PLAINTIFF